United States District Court
Southern District of Texas
FILED

MAY 29 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| INDIAN HARBOR INSURANCE COMPANY, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-100 |
| | § | |
| MAC'S INSULATION CO., INC. | § | |

**PLAINTIFF INDIAN HARBOR INSURANCE COMPANY'S
ORIGINAL COMPLAINT
AND REQUEST FOR DECLARATORY RELIEF**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

Plaintiff Indian Harbor Insurance Company ("Indian Harbor") files this its Original Complaint and Request for Declaratory Judgment and in support thereof respectfully shows the Court as follows:

I.
PARTIES

1. Plaintiff Indian Harbor is a corporation and is a citizen of the State of Connecticut. Indian Harbor is not a citizen of Texas.

2. Defendant Mac's Insulation Co., Inc. ("Mac's") is a Texas corporation. Mac's has its principal place of business in Harlingen, Cameron County, Texas. Mac's is not a citizen of Connecticut. Mac's may be served with process by serving its registered agent for service of process, Edward McCameron, ½ Mile South Palm Drive, Harlingen, Texas, or by certified mail, return receipt requested to Edward McCameron at P. O. Box 532191, Harlingen, Texas 78553.

II.
JURISDICTION

3. The Court has jurisdiction over this lawsuit under 28 U.S.C §1332(a)(1) because

the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### III.
### VENUE

4.  Venue is proper in this Court under 28 U.S.C. § 1391(a)(1). Mac's Insulation resides in Harlingen, Texas, which is within this judicial district.

### IV.
### DECLARATORY JUDGMENT

5.  This is an insurance coverage dispute. Indian Harbor brings this claim for declaratory judgment under FED.R.CIV.P. 57 and 28 U.S.C. § 2201, 2202. Indian Harbor issued a Commercial General Liability Policy No. AIM053000070 (the "Policy") to Mac's which has a Policy coverage period from September 15, 2001 to September 15, 2002. Indian Harbor seeks a declaration that Mac's is not entitled to indemnity because the events, acts and omissions giving rise to the underlying lawsuit and the third-party petition against Mac's are not covered by the Policy.

### V.
### FACTS

Mac's entered into a contract with Victoria Air Conditioning, Ltd. ("Victoria") on or about March 3, 1995, to install fiberglass insulation on the "chill waterlines" in the HVAC system at Aiken Elementary School in Brownsville, Texas. Victoria was a subcontractor involved in building the school. Subsequently, Victoria contacted Mac's in 1996 and 1997 regarding condensation/mildew problems relating to the HVAC system. In 2001, approximately 700 school children filed suit in the 197th Judicial District Court of Cameron County, Texas, under cause number 2001-11-4959-C in a case styled *Angel Castillo, et al. vs. Mac's Insulation, et al.* (hereinafter, the "underlying lawsuit"). In sum, the children's lawsuit alleges significant

damages caused by negligent design and construction, among other things, of Aiken Elementary School, which opened in 1996, relating to mold problems dating back to 1997. Mac's is not a named defendant in the underlying lawsuit but Victoria is. On or about November 26, 2002, Victoria filed a Third Party Petition against Mac's, among others, alleging Mac's was responsible for insulating the chill water lines of the HVAC system at Aiken Elementary. Victoria seeks contribution and/or indemnity from Mac's in the event it is found liable in the underlying lawsuit.

## VI.
## COVERAGE DEFENSES

6. On or about January 3, 2003, Mac's notified Indian Harbor of the underlying lawsuit and the Third Party Petition. Indian Harbor is providing Mac's with defense costs under a reservation of rights. However, the allegations against Mac's are not covered by the Indian Harbor Policy. The underlying lawsuit alleges that mold was in the school as early as 1997. Moreover, Mac's was called out by Victoria to examine a mold problem as early as 1996, many years before the September 2001 policy period began. Based on these facts there can be no coverage under the policy because (1) the loss either first occurred or was in the process of occurring when the policy period began and thus coverage is excluded by the claims in process exclusion; and (2) there was no "*occurrence*" as required by the policy since Mac's was aware of mold at the time the policy was issued.

## VII.
## THE CLAIMS IN PROCESS EXCLUSION PRECLUDES COVERAGE

7. The policy contains a claims in process exclusion which provides as follows:

***EXCLUSION – CLAIMS IN PROCESS***

*This insurance does not apply to:*

> 1. *any loss or claim for damages arising out of or related to "bodily injury" or "property damage", whether known or unknown:*
>
>     a. *which first occurred prior to the inception date of this policy; or*
>
>     b. *which is, or is alleged to be, in the process of occurring as of the inception date of this policy.*
>
> 2. *any loss or claim for damages arising out of or related to "bodily injury" or "property damage", whether known or unknown, which is in the process of settlement, adjustment or "suit" as of the inception date of this policy.*
>
> *We shall have no duty to defend any insured against any loss, claim, "suit" or other proceeding alleging damages arising out of or related to "bodily injury" or "property damage" to which this endorsement applies.*

Based on the above exclusion, there can be no indemnity under the policy because the loss first occurred well before the inception date of this policy. The above language unambiguously states that insurance is not available for *"any loss ... arising out of or related to "bodily injury" ... whether known or unknown which first occurred prior to the inception date of [the] policy"*. The allegations in the underlying lawsuit state that the mold occurred in 1997. Furthermore, Mac's has stated that it was called out to the school by Victoria in 1996 to deal with problems which were resulting in mold. The policy itself was not issued until September 15, 2001 at least 5 years after loss first occurred. Based on the above, there is clearly no duty to indemnify for the loss. There are also several applicable "property damage" exclusions in the policy that are set out in the reservation of rights letter sent to Mac's. Those policy terms and all other policy defenses are also hereby incorporated herein.

## X.
## PRAYER

11.    For these reasons, Indian Harbor asks for judgment against the Defendant for:

a.    A declaration that there is no indemnity obligation under the Indian Harbor for any settlement or judgment;

b.    costs of court;

c.    interest allowed by law for prejudgment or postjudgment interest; and

d.    all other relief the court deems proper.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON & MCGARR

By: _____
Gary N. Schumann, Attorney-in-Charge
State Bar No. 17851930
Camille Johnson
State Bar No. 10686600
Cristina B. McGarr
State Bar No. 00795511
Heritage Square - G
2901 Bee Caves Road
Austin, Texas 78746
Phone: (512) 347-1604
Fax: (512) 347-1676

ATTORNEYS FOR PLAINTIFF INDIAN HARBOR INSURANCE COMPANY